

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-30-2007

# Hooker v. US Post Ofc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3084

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hooker v. US Post Ofc" (2007). *2007 Decisions*. Paper 166.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/166

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-57                                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3084
_____

COREY A. HOOKER,

                                                                      Appellant

v.

UNITED STATES POST OFFICE, OVERBROOK STATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-02639)
District Judge:  Honorable Edmund V. Ludwig
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
November 16, 2007
Before: SLOVITER, FISHER and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 30, 2007)
_____

OPINION
_____

PER CURIAM

        On June 16, 2007, Corey A. Hooker, filed a complaint in the United States District

Court for the Eastern District of Pennsylvania against the United States Postal Service.  In

the complaint, Hooker alleged that the Postal Service had negligently allowed an

unidentified person to forge his signature on mail forwarding forms, thus causing his mail

to be forwarded to an unknown address. Hooker sought $50 million in damages. On June 27, 2007, the District Court found that Hooker's claim was barred by sovereign immunity, and dismissed the complaint. See 28 U.S.C. § 1915(e)(2)(B)(i).

Hooker filed a timely notice of appeal from the District Court's order. However, because he failed to pay the requisite fees or apply to proceed in forma pauperis on appeal, Hooker's appeal was dismissed pursuant to Third Circuit LAR 3.3 and Third Circuit LAR Misc. 107.1(a). Immediately thereafter, Hooker filed an application to proceed in forma pauperis and a timely motion to reopen the appeal. See Third Circuit LAR Misc. 107.2(a). Having reviewed Hooker's affidavit attesting to his poverty, we will grant both requests and reopen the appeal.

Nevertheless, because Hooker is proceeding in forma pauperis, we must review his appeal to determine whether it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). We dismiss an appeal if it "lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). After a careful review of the record, we conclude that Hooker's appeal lacks an arguable basis because, as the District Court found, his claim against the Postal Service is barred by sovereign immunity.

The Postal Service, as "an independent establishment of the executive branch of the Government of the United States," see 39 U.S.C. § 201, enjoys sovereign immunity absent a specific waiver. See U.S. Postal Service v. Flamingo Indus. (USA), 540 U.S. 736, 744 (2004). In general, the Federal Tort Claims Act ("FTCA") waives the Postal Service's sovereign immunity when its employees act negligently within the scope of

2

their official duties.  See 39 U.S.C. § 409(c); 28 U.S.C. § 1346(b)(1).  However, the FTCA qualifies its waiver of sovereign immunity for certain categories of claims, one of which pertains to postal operations.  Specifically, Section 2680(b) provides that the Postal Service retains immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  The United States Supreme Court has recently made clear that in creating this exception, "Congress intended to retain immunity . . . for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address."  See Dolan v. United States Postal Service, 546 U.S. 481, 486 (2006).

In the present case, Hooker alleged that the Postal Service negligently allowed his mail to be forwarded to the wrong address.  These allegations fall squarely within the postal exception to the FTCA.  See id., 546 U.S. at 489 (stating that exception bars suits for personal or financial harms arising from the non-delivery or late delivery of sensitive materials or information).  Therefore, we agree with the District Court that the Postal Service enjoys sovereign immunity from Hooker's claim.

Accordingly, we will grant Hooker's motions to proceed in forma pauperis and to reopen this appeal.  We will, however, dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

.

3